UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VELTON LAMONT BOONE,<br><br>Plaintiff,<br><br>v.<br><br>RAMIRO GOMEZ, et al.,<br><br>Defendants. | Case No. 21-cv-08160-JSW<br><br>**ORDER DENYING MOTION FOR LEAVE TO CONDUCT DISCOVERY AND MOTION FOR APPOINTMENT OF COUNSEL; DISMISSING DEFENDANT CALPIA; AND ORDERING FURTHER SERVICE**<br><br>Re: Dkt. Nos. 20, 21, 18 |

Plaintiff, a California prisoner proceeding pro se, filed a "notice of discrepancy" in which he argues that the Order of Service should have ordered service upon Defendants Mulhern and CALPIA. This is construed as a motion for reconsideration and is GRANTED ON PART. The Court finds that service should have been ordered on Mulhern based upon the same claim that was found cognizable against the other Defendants. It is ordered below. Plaintiff makes no allegations against CALPIA, however, so Plaintiff would have to file an amended complaint in order to state a proper claim against this Defendant. If he files an amended complaint, he must allege how CALPIA violated his constitutional right. Plaintiff is cautioned that an amended complaint would supersede and replace the original complaint, which means that he must include all claims he wants in the amended complaint, including any claims from the original complaint, because any claims not included in the amended complaint will be dismissed.

Plaintiff's motion for permission to make certain arrangements to conduct depositions. Plaintiff is allowed to take depositions, but his motion is DENIED without prejudice. He must first meet and confer with defense counsel to make any necessary arrangements before seeking an order from the Court. Defense counsel shall consult with the prison litigation coordinator and, in light of Plaintiff's pro se and incarcerated status, shall make all reasonable arrangements to allow

1  Plaintiff to conduct depositions in person, by telephone, or by videoconference.  Plaintiff shall
2  adhere to the Federal Rules of Civil Procedure's requirements for properly noticing any
3  deposition.  Plaintiff is advised that the notary he refers to may not qualify to be the reporter of a
4  deposition; Plaintiff, who is not proceeding in forma pauperis, will have to pay for any necessary
5  reporting services at any depositions he plans to conduct.

      Plaintiff's motion for appointment of counsel is DENIED because there is no right to counsel in a civil rights case.  No circumstances presently cause the interests of justice to require his representation by counsel.  Should such circumstances arise --- such as the necessity of a trial ---- this case will be referred to the Bar Association to attempt to locate an attorney to represent Plaintiff.

      For the reasons set out above,

      1.  The claims against Defendant CALPIA are DISMISSED.

      2.  Defendant Superintendent I Dale Mulhern ("Defendant") shall be served at the California Training Facility in Soledad, California.

      Service shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody.  In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the Complaint, this Order, a CDCR Report of E-Service Waiver form, and a summons.  The clerk also shall serve a copy of this order on the plaintiff.

      No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court whether Defendant Mulhern will be waiving service of process without the need for service by the United States Marshal Service (USMS) and whether Mulhern declines to waive service or could not be reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

      Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a

USM-205 Form.  The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons, and the operative complaint for service upon each defendant who has not waived service.  The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3.  Defendant Mulhern **shall** file an answer in accordance with the Federal Rules of Civil Procedure.

4.  All the provisions in the Order of Service regarding dispositive motions, the deadline for which is now May 8, 2022, apply to Defendant Mulhern, who may file a joint motion with the other served Defendants.

**IT IS SO ORDERED.**

Dated: March 23, 2022

_____
JEFFREY S. WHITE
United States District Judge