UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VELTON LAMONT BOONE,<br><br>Plaintiff,<br><br>v.<br><br>RAMIRO GOMEZ, et al.,<br><br>Defendants. | Case No. 21-cv-08160-JSW<br><br>**ORDER DENYING LEAVE TO FILE AMENDED COMPLAINTS; DENYING MOTION TO STRIKE**<br><br>Re: Dkt. No. 26, 27, 28 |

Plaintiff, a California prisoner proceeding pro se, filed two proposed amended complaints (ECF Nos. 26, 27) that add new claims for relief. Although Plaintiff did not file a motion for leave to file such amended complaints, in light of Plaintiff's pro se and incarcerated status, the Court construes the filings as including such a request.

Leave to file these proposed amended complaints may not be granted if the new claims that seek to add are not cognizable. *See Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (a court need not grant leave to amend if a complaint, as amended, is subject to dismissal). In any event, if leave were granted, the Court would have an obligation to screen them under 28 U.S.C. § 1915A(a) to determine whether they state claims that are cognizable or that must be dismissed because they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1),(2).

The proposed amended complaints seek to add claims for damages against two state agencies (the CALPIA and the CDCR), and against the individual defendants in their official capacities. Such claims are barred by the Eleventh Amendment. *See Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (held CDCR and the California Board of Prison Terms are entitled to Eleventh Amendment immunity); *Hutchison v. California Prison Indus. Auth.*, No.

13-CV-04635-CW, 2015 WL 179790, at *2 (N.D. Cal. Jan. 14, 2015) (CALPIA is entitled to Eleventh Amendment immunity); *see also Will v. Michigan Department of State Police*, 491 U.S. 58, 64-66 (1989) (official capacity claims against state officials barred by Eleventh Amendment).

The amended complaints also add a Defendant named M. Whitney, but Plaintiff makes no allegations against her. Absent any allegations about her actions or omissions, the complaints do not state a cognizable claim against her. The amended complaints also make allegations of a "hostile work environment." Such an environment in a workplace does not violate federal law, absent unlawful discrimination, which Plaintiff does not allege.

As the new claims in the proposed amended complaints (ECF Nos. 26 and 27) are not cognizable and would have to be dismissed, leave to file them is DENIED, and they are STRICKEN from the docket. This original complaint remains the operative complaint. In light of this conclusion, Defendants' motion to strike is DENIED as unnecessary.

The present schedule for dispositive motion briefing remains in effect.

**IT IS SO ORDERED.**

Dated: April 27, 2022

_____
JEFFREY S. WHITE
United States District Judge